**UNITED STATES, Appellee**

v.

**Edward W. PERRY, Airman Basic U.S. Air Force, Appellant.**

No. 68,065.
CMR No. 28379.

U.S. Court of Military Appeals.

Argued April 8, 1993.

Decided Aug. 18, 1993.

For Appellant: *Captain George F. May* (argued); *Colonel Terry J. Woodhouse* and *Major Mary C. Yastishock* (on brief); *Major Alice M. Kottmyer.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Richard L. Purdon* and *Lieutenant Colonel Jeffery T. Infelise* (on brief); *Major Paul Blackwell, Jr.* and *Captain Leonard R. Rippey.*

*Opinion of the Court*

COX, Judge:

Appellant stands convicted of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.[1] Before this Court he challenges admission of evidence that he knew the names of possible drug users as being improper under a guilt-by-association theory.

On Monday, July 24, 1989, following leave, appellant submitted a urine sample as a part of a unit urinalysis. On August 17, he was interviewed by an Office of Special Investigations (OSI) agent, who in-

---

1. On December 12–13, 1989, appellant was tried by general court-martial composed of officer members. Contrary to his pleas, he was convicted of wrongful use of cocaine and sentenced to a bad-conduct discharge, as well as confine- ment and forfeiture of $200 pay per month for 1 year. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence in an unpublished opinion dated April 16, 1992.

formed him that his urinalysis results were positive and then asked him to act as an informant. Appellant agreed to work with the OSI. He provided them with names of people he had heard used drugs, and he made contact with those individuals.

At trial, appellant made a motion *in limine* to exclude evidence that he provided the OSI with the names of people who might illegally use drugs and claimed its prejudicial impact outweighed any probative value. The military judge refused to make a ruling at that time.

Appellant later testified and presented an innocent-ingestion defense. Appellant's version of the facts, as stated by the Court of Military Review, is as follows:

> The appellant, while seeing his parents in the Washington, D.C., area, visited a bar in Georgetown in the company of his brother and a friend. As they left the bar the appellant bummed a cigarette (a filtered Newport) from a recently met bar acquaintance. After he smoked the cigarette, the acquaintance asked him how he liked the cigarette as it was a "cool one," i.e., one laced with cocaine. The appellant immediately hit his new acquaintance, and a fight ensued. The appellant's brother broke up the altercation, and the two returned to their parents' home. The appellant testified he vomited and tried to sleep but was unable to do so until the next afternoon.

Unpub.op. at 1–2.

On cross-examination of appellant, trial counsel raised the issue of appellant's working with the OSI, and defense counsel objected. In a session under Article 39(a), UCMJ, 10 USC § 839(a), trial counsel argued that evidence of appellant's knowledge was relevant to show his general familiarity with cocaine use. The military judge noted that the standard for relevance is a light one and ruled such evidence is relevant to show both appellant's familiarity with cocaine and its general proximity to him.

Appellant proceeded to testify that he worked as an informant for the OSI. When he lived in the dormitory, he heard rumors of people using drugs. He gave the OSI the names of those people and "checked them out for" the OSI. Appellant argues that the prosecution presented this evidence to show "guilt by association" and notes this Court has rejected "the principle of guilt by association.'" *United States v. Adkins*, 5 USCMA 492, 499, 18 CMR 116, 123 (1955).

Mil.R.Evid. 402, Manual for Courts–Martial, United States, 1984, provides for admission of relevant evidence. Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Mil.R.Evid. 401; *United States v. Elmore*, 33 MJ 387, 397 (CMA 1991). The military judge ruled that evidence showing appellant acted as an informant was relevant to show both familiarity with cocaine as well as its proximity. We, however, disagree. Appellant's knowledge of the identity of possible drug users neither proves nor disproves that, during the time period alleged, he knowingly used cocaine.[2] Such evidence, which appellant knew through "rumors" he heard while living in the dormitory, hardly makes his drug use at a later time more or less probable. In any event, the relevance is minimal.

Because such evidence has minimal relevance, if any, its "probative value is substantially outweighed by the danger of unfair prejudice" under Mil.R.Evid. 403. The potential for prejudice arises from two implications: (1) guilt due to appellant's willingness to help the OSI and (2) guilt by association. We hold the military judge

---

**2.** The Government cites *United States v. Rounds*, 30 MJ 76 (CMA 1990), *cert. denied*, 498 U.S. 846, 111 S.Ct. 130, 112 L.Ed.2d 98 (1991), and *United States v. Melvin*, 26 MJ 145 (CMA 1988), in its brief. In both cases, this Court concluded evidence of access to drugs was admissible to corroborate a confession under Mil.R.Evid. 304(g), Manual for Courts–Martial, United States, 1984. There is no confession here; the determination of relevance in those cases is inapplicable to the facts of this case.

abused his discretion in admitting evidence which is more unfairly prejudicial than probative. *United States v. Orsburn,* 31 MJ 182, 188 (CMA 1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1179 (1991).

■ However, we also hold any error was harmless. Art. 59(a), UCMJ, 10 USC § 859(a). Appellant presented an innocent-ingestion defense.

In rebuttal the prosecution offered the testimony of a forensic chemist who stated that to achieve a 98,000 ng/ml [nanograms per milliliter] level of cocaine metabolites [as appellant's urinalysis indicated] 28 hours after use [which would be consistent with the timing appellant alleged in his defense] would require almost a toxic dose of cocaine. Such a high level of use would entail a serious risk of death due to convulsions, high blood pressure, and hemorrhaging. Additionally, a person taking that much cocaine would appear "very, very sick" to even a casual observer. Further, cocaine mixed with a cigarette "wouldn't work" as the igniting of the tobacco decomposes the cocaine. Finally, since cocaine does not vaporize while mixed with lighted tobacco, it will not pass through a filter cigarette, like a Newport.

Unpub.op. at 2. In light of the overwhelming evidence presented against appellant, admission of evidence he acted as an informant was harmless.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.