UNITED STATES, Appellee

v.

Robert L. SITTON, Seaman
U.S. Navy, Appellant.

No. 93–0058.

CMR No. 92 0419.

U.S. Court of Military Appeals.

Argued Nov. 1, 1993.

Decided June 17, 1994.

Appellant: *Lieutenant James Douglas,* JAGC, USNR (argued).

Appellee: *Captain A. Diaz,* USMC (argued); *Colonel T.G. Hess,* USMC and *Lieutenant Commander S.A. Stallings,* JAGC, USN (on brief); *Lieutenant Dwight N. Mersereau,* JAGC, USNR.

---

*Opinion of the Court*

COX, Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members at the Naval Base, Charleston, South Carolina. Pursuant to his pleas, he was convicted of being absent without leave (86 days) and missing movement through neglect, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively. Contrary to his pleas, he was convicted of a consolidated specification of larceny, in violation of Article 121, UCMJ, 10 USC § 921. Appellant was sentenced to a bad-conduct discharge, confinement and forfeiture of $502.00 pay per month for 6 months, and reduction to pay grade E–1. The convening authority approved the sentence, and the Court of Military Review affirmed in an unpublished opinion dated September 18, 1992.

This Court granted review of the following issue:[1]

WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS EVIDENCE OF THE PRIOR CONVICTIONS OF A DEFENSE WITNESS.

■ On April 18, 1991, Petty Officer Third Class Jensen ate dinner at the Naval Station Galley. He placed his wallet in the chair beside him, under his cover (hat). The wallet contained $261.00, his identification card, and his teller machine card. When Jensen left the galley, he accidentally left the wallet behind. Ms. McDaniel, a civilian employee of the galley, contends that appellant sat at the same table used by Jensen and, when she asked to whom the wallet belonged, appellant claimed it.

At trial, the Government planned to present Ms. McDaniel's testimony and appellant's signed confession. Appellant was to testify that he had never been approached by Ms. McDaniel and had never possessed the wallet. In corroboration, the defense planned to present the testimony of Seaman Recruit Bryant who was with appellant at the galley on the night in question and would also testify that appellant did not receive a wallet from Ms. McDaniel.

Realizing the Government would use Bryant's prior convictions of wrongful use of cocaine and unauthorized absence of over 10 years for impeachment, defense counsel made a motion *in limine* to prevent the prosecution from presenting that evidence. The military judge denied the defense motion, and the convictions were admitted at trial to impeach Bryant.

Fed.R.Evid. 609(a)(1), as amended in 1990 and made applicable to the military by Mil. R.Evid. 1102[2], provides in pertinent part: For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted ....

Mil.R.Evid. 403, Manual for Courts–Martial, United States, 1984, virtually identical to Fed.R.Evid. 403, establishes the balancing test to be performed by the military judge:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Appellant argues that the Mil.R.Evid. 403 balancing test does not allow admission of Bryant's convictions. He contends that the probative value of the convictions is slight and that they do not assist in resolving the issue of Bryant's credibility. Appellant also argues that he is prejudiced from a guilt-by-association inference. We disagree.

■ In *United States v. Brenizer*, 20 MJ 78 (CMA 1985), we addressed factors to be considered in determining admissibility of an accused's prior convictions for the purpose of impeaching his trial testimony under Mil. R.Evid. 609(a), Manual for Courts–Martial, United States, 1969 (Revised edition). The factors we considered relevant to the balancing of probative value and prejudicial impact under the former Mil.R.Evid. 609 were:

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

---

1. We also granted review of the Appointments Clause issue which has been resolved in favor of the Government in *Weiss v. United States*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

2. Mil.R.Evid. 1102, Manual for Courts–Martial, United States, 1984, states: "Amendments to the Federal Rules of Evidence shall apply to the Military Rules of Evidence 180 days after the effective date of such amendments unless action to the contrary is taken by the President." No action was taken by the President regarding Mil. R.Evid. 609.

(5) The centrality of the credibility issue.

20 MJ at 80, *citing United States v. Hawley,* 554 F.2d 50, 53 n. 5 (2d Cir.1977); *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). The same factors, though certainly not the only factors, are also helpful in performing the balancing test to determine admissibility of prior convictions of a witness other than the accused pursuant to Fed.R.Evid. 609(a)(1) as amended, effective December 1, 1990.[3]

Regarding the impeachment value of Seaman Recruit Bryant's prior convictions, we agree with the military judge who found that "the impeachment value of the conviction for unauthorized absence ... is relatively low," but exists, and there is a greater impeachment value for the conviction of wrongful use of cocaine. 20 MJ at 81, *citing United States v. Johnson,* 1 MJ 152, 154 (CMA 1975); *United States v. Weaver,* 1 MJ 111, 118 n. 6 (CMA 1975); *United States v. Nicholson,* 8 USCMA 499, 502–03, 25 CMR 3, 6–7 (1957). Under proper instructions, it was for the court members to determine whether Bryant, as a convicted felon [*see* Mil.R.Evid. 609(a)—last sentence], was a trustworthy person.

The next factor is the recency of Seaman Bryant's convictions which were approximately 3 months before appellant's court-martial. Recent convictions obviously show more about the present veracity of the witness than older, remote ones.

The third factor, the similarity between the charged offense and the past crime has little, if any, relevance where the witness is not the accused. *See* 20 MJ at 81. Under the circumstances, the difference between the crimes of the witness (unauthorized absence and wrongful use of cocaine) and the offense with which appellant is charged (larceny) rebuts appellant's guilt-by-association argument for the exclusion of the impeachment evidence.

Turning to the fourth factor, the importance of the witness' testimony should be considered to "militate[ ] against permitting impeachment if it is thought likely to deprive the factfinder of important testimony." *Id.* Seaman Recruit Bryant's testimony was central to the defense; he and appellant were the only defense witnesses and were both at the galley at the time of the alleged offense. Seaman Recruit Bryant's testimony basically echoed that of appellant, and its significance was as corroboration of appellant's story. The issue of the importance of the testimony is moot as Seaman Recruit Bryant did in fact testify at trial and the ruling did not chill his testimony.

Finally, credibility of the witness was central to this case. The verdict turned upon factual determinations which were in dispute. Under such circumstances, it was important for the members to receive "as much information as possible" to assist them in their decision. 20 MJ at 82. This factor weighs heavily in favor of admitting the impeaching evidence.

---

3. Fed.R.Evid. 609(a)(1), amended effective December 1, 1990, makes a subtle shift in the probative value-prejudice balance. Mil.R.Evid. 609(a) permitted admissibility of "evidence that the witness has been convicted of a crime ... if the crime (1) was punishable by death, dishonorable discharge, or imprisonment in excess of one year ... *and the military judge determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.*" (Emphasis added.) In other words, an even balance favored exclusion.

    Fed.R.Evid. 609(a)(1), as amended provides: For the purpose of attacking the credibility of a witness, ... evidence that a witness other than an accused has been convicted of a crime *shall be admitted, subject to Rule 403,* if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted.... (Emphasis added.) Incorporating the standard of Fed.R.Evid. 403, such evidence of a witness' conviction "may be excluded *if its probative value is substantially outweighed by the danger of unfair prejudice [or] confusion ....*" (Emphasis added.) In other words, an even balance favors receipt of impeaching evidence of crime.

    According to the Advisory Committee Note to Fed.R.Evid. 609, the change "resolves an ambiguity as to the relationship of Rules 609 and 403 with respect to impeachment of witnesses other than the criminal defendant." Although *United States v. Brenizer,* 20 MJ 78 (CMA 1985), was decided before this change, we believe the factors discussed therein, *id.* at 80, are relevant to Mil.R.Evid. 403 balancing.

We agree with the military judge's determination that the probative value of Bryant's prior convictions outweighed any prejudicial effect they might have. Because of the importance of credibility to this case, it was proper for the factfinders to know that Bryant was a convicted felon, with nothing to lose by lying because he was already on his way out of the military with a punitive discharge. Moreover, the military judge properly instructed the members that Bryant's convictions could be considered for the sole "purpose of [their] tendency, if any, to impeach [his] credibility." He also instructed that the convictions may not be considered as evidence of appellant's guilt.

■ A military judge has broad discretion in determinations regarding admissibility of impeachment evidence and admissibility under Mil.R.Evid. 403. 20 MJ at 82; *see United States v. Blake,* 30 MJ 184 (CMA 1990). We find no abuse of discretion here.

Turning to appellant's claim that he was prejudiced by guilt by association, we acknowledge that appellant should not be prejudiced by the inference that "birds of a feather flock together." George Wither, *Abuses* 72 (1613), *quoted* in J. Bartlett, *Familiar Quotations* 235 n. 2 (6th ed.1992). *See United States v. Perry,* 37 MJ 363, 364 (CMA 1993), *citing United States v. Adkins,* 5 USCMA 492, 499, 18 CMR 116, 123 (1955) (rejecting the principle of guilt by association). The dissimilarity of appellant's offenses and Bryant's offenses makes it unlikely that they would be considered "birds of a feather." However, we cannot overlook the fact that a serviceman recently convicted of an unauthorized absence for over 10 years and wrongful use of cocaine, who is on his way out of military service, may be more likely to lie to help a comrade than someone with a clean slate looking forward to a career in the Navy. We do not find appellant's argument persuasive.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE and WISS concur.