UNITED STATES

v.

**Staff Sergeant Donna T. ROSS, FR527–53–5853, United States Air Force.**

**ACM S29022.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 26 Oct. 1994.

Decided 24 April 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Major Ormond R. Fodrea.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Major Dixie A. Morrow.

Before PEARSON, SCHREIER, and MORGAN, Appellate Military Judges.

## OPINION OF THE COURT

PEARSON, Senior Judge:

In a litigated trial, court members convicted appellant of using marijuana, based on a positive urinalysis result. The court sentenced her to a bad-conduct discharge and reduction to E–1, which the convening authority approved. Appellant contends we should reverse because the military judge erred in admitting impeachment evidence of her prior court-martial conviction for using marijuana. *See* Mil. R. Evid. 609(a). We disagree and affirm.

## FACTS

Appellant testified she did not use marijuana on or about the date charged, July 22, 1994, and was "surprised" by the positive urinalysis result. Appellant pondered, "I didn't—I couldn't figure out any reason why it should be positive." Seeing an opportunity to leap through this slightly ajar door, the prosecutor asked the military judge to permit cross-examination of appellant about her May 1994 conviction for using marijuana, which was also based on a positive urinalysis result at the same base. The prosecutor argued the evidence impeached appellant's credibility, particularly her denial of knowing any reason why her urine tested positive for marijuana.

The military judge admitted the conviction and allowed the cross-examination. In so ruling, the judge made several precise special findings: (1) the appellant's prior conviction was for an identical offense punishable by a dishonorable discharge, (2) the prior offense occurred close in time to the current alleged offense (September 1993 versus July 1994), (3) appellant's testimony was "crucial to her defense," (4) appellant's credibility was a "central issue" in the case based on her

denial, and (5) the probative value of the evidence outweighed its prejudicial impact, citing Military Rule of Evidence 403. The military judge also gave a limiting instruction to the members, cautioning them that they could only use the prior conviction in evaluating appellant's credibility as a witness.

## IMPEACHMENT OF ACCUSED WITH A PRIOR CONVICTION

■ We review a military judge's decision to admit a prior conviction as impeachment evidence under an abuse of discretion standard. *United States v. Brenizer,* 20 M.J. 78 (C.M.A.1985). We conclude the military judge hit this evidentiary nail almost squarely on the head.

An accused is not shielded from prior misdeeds merely because he or she testifies. Under Military Rule of Evidence (Rule) 609(a), the prosecutor may impeach a testifying accused with a prior conviction if (1) the crime was punishable by death, dishonorable discharge, or imprisonment in excess of one year under the law of the jurisdiction where the conviction occurred, and the probative value of admitting the evidence outweighs its prejudicial effect to the accused; or (2) the crime involved dishonesty or false statement. (The Rule also contains a list of other limitations not relevant here.)

■ Use of marijuana is usually not a crime involving dishonesty or false statement. *See United States v. Pierce,* 14 M.J. 738 (A.F.C.M.R.1982) and cases cited therein. However, it is punishable by a dishonorable discharge under military law. MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 37e.(1)(b) (1984). Consequently, the military judge correctly concluded that appellant's prior conviction qualified for admission under Rule 609(a)(1), provided its probative value outweighed its prejudicial effect to the accused.

■ Regarding the prejudicial effect of a prior conviction, Rule 609(a)(1) contains its own special balancing test which imposes a higher standard on the prosecutor than the normal evidentiary balancing test of Rule 403. Under Rule 403, otherwise admissible evidence is excluded only if the danger of

unfair prejudice to the accused *substantially outweighs* the evidence's probative value. On the other hand, Rule 609(a)(1)'s special balancing test excludes an accused's prior conviction as impeachment evidence where its prejudicial effect to the accused *simply outweighs* its probative value. *See* S. SALTZBURG, L. SCHINASI, AND D. SCHLUETER, MILITARY RULES OF EVIDENCE MANUAL 668 (3d. ed. 1991). Consequently, if the military judge erred at all, it would have been in applying the balancing test.

■ In performing the special balancing test of Rule 609(a)(1), the military judge should consider the following key factors:

(1) What is the similarity between the past crime and the charged crime? Is the similarity so great that the trier of fact may misuse the evidence and conclude the accused is a person of bad character?

(2) What is the impeachment value of the prior crime? For instance, does the crime show such a disregard for authority or the law that one may infer the accused will not testify truthfully?

(3) What has the accused's conduct been following the conviction? For example, has the accused's post-conviction good conduct diminished the impeachment value (no "once a thief, always a thief" philosophy)?

(4) What is the importance of the accused's potential testimony to the case if the accused declines to testify when faced with impeachment by the prior conviction?

(5) And finally, is the accused's credibility as a witness central to resolving the case?

*See* Brenizer; *see also United States v. Sitton,* 39 M.J. 307 (C.M.A.1994) (applying above balancing factors to impeachment of a defense witness).

Here, the military judge erred in referring to the less restrictive Rule 403 balancing test. However, he used the correct language of the more restrictive standard set out in Rule 609(a)(1)—"the probative value of this evidence outweighs its prejudicial impact...." The judge also considered the appropriate factors in performing the balancing test, a juggling feat we also undertake.

■ The major factor cutting against admission in this case is the identical nature of the two offenses—you could hardly find two offenses closer in nature. Thus, a high danger existed that the members would call it a day once they heard evidence about the prior conviction. However, a danger of misuse alone is not the end of the query.

Considering the other balancing factors, the impeachment value of the prior drug conviction was high, particularly when appellant went beyond a basic denial of marijuana use to a "hear no evil, see no evil," don't know how it could have gotten there explanation of her positive urinalysis. Appellant's use of marijuana while a noncommissioned officer also showed a failure to adhere to basic military law and discipline. *Cf. Sitton,* 39 M.J. at 309 (impeachment value of conviction for using cocaine). Furthermore, the prior conviction was so close in time to the current offense that appellant hardly had time to reestablish a track record of compliance with the law.

Since appellant testified, the military judge did not deprive the members of her evidence. On the contrary, appellant's denials, when matched against the lack of breaks in the urinalysis chain of custody or real missteps in the testing procedure, made her credibility the key issue in the case. If the members believed her, as opposed to the urinalysis lab results, they acquitted.

■ Consequently, we conclude the military judge did not err in making the "close call" in this case to admit appellant's prior conviction. *See United States v. Barrow,* 42 M.J. 655, 661 (A.F.Ct.Crim.App.1995). After admitting the evidence, the judge minimized any prejudice to appellant by properly instructing the members on the limited use of the prior conviction, and we are confident they followed his instruction. *Cf. United States v. Skerrett,* 40 M.J. 331 (C.M.A.1994) (military judge's cautionary instruction limited impact of evidence); *United States v. Gaeta,* 14 M.J. 383 (C.M.A.1983) (same).

### ERROR IN POST–TRIAL REVIEW

■ Finally, we note one administrative discrepancy not asserted as error. The staff

judge advocate's post-trial recommendation states the wrong date for appellant's 1994 marijuana offense—September 28th instead of July 22nd. *See* R.C.M. 1106. After receiving a copy of the recommendation, appellant submitted a written waiver of her right to submit post-trial matters; consequently, the error in the date went unchallenged. *See* R.C.M. 1105(d)(3), 1106(f)(6). However, the general court-martial order which published both the trial results and the convening authority's action in the case reflected the correct date. *See* R.C.M. 1114.

In *United States v. Diaz,* 40 M.J. 335 (C.M.A.1994), the Court of Appeals for the Armed Forces, then the Court of Military Appeals, held that a convening authority implicitly approves findings as reported in the staff judge advocate's post-trial recommendation, unless the convening authority's action expressly focuses on particular findings or there is compelling evidence to the contrary. Thus, *Diaz* may bind the convening authority to administrative errors the staff judge advocate makes in reporting the court's findings, which may render the convening authority's post-trial action a nullity. *See Diaz,* 40 M.J. at 345.

So, where does the staff judge advocate's error leave us here? Did the convening authority approve a conviction of an offense not charged—use of marijuana on September 28, 1994—which renders his action a nullity? We think not. The essence of appellant's crime was drug use—a date in July versus a date in September was inconsequential in the big picture of this trial. *Cf. United States v. Lee,* 1 M.J. 15 (C.M.A.1975) (tests for proof variance).

We interpret the Court's holding in *Diaz* as applying to major errors in the staff judge advocate's post-trial report of the court's guilty findings. For example, errors which omit offenses, change the nature of an offense, or impact the maximum punishment, none of which are present here. Moreover, we are reluctant to elevate "typos" in dates to "plain error" or grounds for setting aside a convening authority's action when an appellant expressly waives the right to complain. *See* R.C.M. 1105(d)(3), 1106(f)(6); *United States v. Drayton,* 40 M.J. 447 (C.M.A.1994).

Accordingly, the findings of guilty and sentence are correct in law and fact and are

AFFIRMED.

Senior Judge SCHREIER and Judge MORGAN concur.