UNITED STATES, Appellee,

v.

Anthony T. RUSSELL, Captain,
U.S. Air Force, Appellant.

No. 96–1364.
Crim.App. No. 31752.

U.S. Court of Appeals for
the Armed Forces.

Submitted June 5, 1997.

Decided Jan. 23, 1998.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* and *Major Kevin P. Koehler* (on brief); *Colonel David W. Madsen.*

For Appellee: *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Major Karen L. Manos* (on brief).

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried by general court-martial at Kadena Air Base, Okinawa, Japan, from May 30 through June 2, 1995. He was convicted of one specification of conduct unbecoming an officer and a gentleman by using military computers to download pornographic materials, and one specification each of wrongfully receiving and possessing materials depicting minors engaging in sexually explicit conduct, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 USC §§ 933 and 934, respectively. He was

sentenced to confinement for 3 months, forfeiture of $2,858.00 pay per month for 3 months, and dismissal from the Air Force. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted appellant's petition for review to consider three issues.* Finding no error, we affirm the decision of the court below.

■ Appellant first contends that the evidence is insufficient to sustain his conviction of wrongfully receiving computer graphics depicting minors engaging in sexually explicit conduct. However, in a pretrial statement appellant admitted that he guessed that the females in the pictures were 13 years of age and older. Also, a pediatrician testified that, based on known medical standards, the females shown in the exhibits were not more than 15½ years of age. Finally, the members were able to look at the pictures and use their common sense and experience to conclude that the girls were under the age of 18. Therefore, there was sufficient evidence from which "a rational trier of fact" could "find guilt beyond a reasonable doubt" and conclude that appellant knowingly possessed child pornography. *Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979); *United States v. McGinty*, 38 MJ 131 (CMA 1993).

■ Next, appellant argues that the military judge should have dismissed the specifications of the second Charge because it failed to state an offense. The specifications alleged that appellant violated the third clause of Article 134 in that he did

wrongfully transmit and receive in interstate or foreign commerce visual depictions of minors engaging in sexually explicit conduct ... [and that he did], in places owned, leased, or used by the government of the United States, wrongfully possess three or more visual depictions of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a).

Specifically, appellant argues that the specifications are deficient in that they fail to allege that he knowingly possessed these materials.

A specification is sufficient "so long as [the elements] may be found by reasonable construction of other language in the challenged specification." *United States v. Brecheen*, 27 MJ 67, 68 (CMA 1988); *see United States v. Watkins*, 21 MJ 208 (CMA 1986). The question here is whether the term "wrongfully," as used in the specifications, is broad enough to imply guilty knowledge, as well as whether the reference to 18 USC § 2252(a) gave appellant notice of the knowledge requirement.

At trial, appellant's counsel conceded that he had not been hampered in his preparation for trial by the perceived deficiency in the specifications. Thus, only legal, not actual, knowledge is at issue here.

The Supreme Court has held "that the term 'knowingly' in [18 USC] § 2252 extends both to the sexually explicit nature of the material and to the age of the performers" depicted therein. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78, 115 S.Ct. 464, 472, 130 L.Ed.2d 372 (1994). Moreover, the military judge instructed the court members that they were required to find beyond a reasonable doubt that appellant knew or believed that the subjects in the pictures were under the age of 18. Thus, the allegation that appellant "wrongfully" possessed and received the pictures was sufficient to allege that he acted knowingly when he did so.

---

* The issues granted for review were:

I

WHETHER THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN THE FINDINGS OF GUILTY UNDER SPECIFICATIONS 1 AND 2 OF CHARGE II.

II

WHETHER THE MILITARY JUDGE ERRED IN NOT GRANTING APPELLANT'S MOTION TO DISMISS CHARGE II (THEN CHARGE III) AND ITS SPECIFICATIONS FOR FAILURE TO STATE AN OFFENSE.

III

WHETHER THE MILITARY JUDGE FAILED TO CORRECTLY INSTRUCT THE MEMBERS REGARDING SCIENTER, WHEN HE SAID THAT IN ORDER TO CONVICT APPELLANT THEY MUST BE CONVINCED THAT "HE KNEW OR BELIEVED" THE PERSONS DEPICTED WERE UNDER 18 YEARS OF AGE.

Taking these factors together, the specifications are more than adequate to protect appellant from any future prosecution for the same conduct. Thus, the military judge did not err when he refused to dismiss the Charge and its specifications for failure to state an offense.

 Finally, appellant asserts that the instructions given in his trial were improper. However, we recently upheld identical instructions in *United States v. Maxwell,* 45 MJ 406, 426 (1996). Although there we opined that an accused might be able to defend against this type of charge by showing that he reasonably believed the subjects depicted were of legal age, that is not what happened here. Appellant's defense was not that he believed the young girls shown in the pictures were over the age of 18. Rather, he asserted that he inadvertently came into possession of the pictures and then decided to retransmit the images.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE and EFFRON concur.