UNITED STATES, Appellee

v.

John E. CRAFTER, Staff Sergeant
U.S. Air Force, Appellant

No. 06-0116

Crim. App. No. 35476

United States Court of Appeals for the Armed Forces

Argued October 17, 2006

Decided November 27, 2006

EFFRON, C.J., delivered the opinion of the Court, in which BAKER
and ERDMANN, JJ., joined.

<u>Counsel</u>

For Appellant:  Major Patrick E. Neighbors (argued); James M.
Winner, Esq., Lieutenant Colonel Mark R. Strickland, Major
Anniece Barber, and Major Sandra K. Whittington (on brief).

For Appellee:  Major Carrie E. Wolf (argued); Colonel Gerald R.
Bruce, Lieutenant Colonel Robert V. Combs, and Major Jin-Hwa L.
Frazier (on brief).


Military Judge:  Kevin P. Koehler

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Crafter, No. 06-0116/AF

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of dereliction of duty, disobeying a lawful regulation, and making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The Air Force Court of Criminal Appeals affirmed. United States v. Crafter, No. ACM 35476 (A.F. Ct. Crim. App. Sept. 28, 2005) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER SPECIFICATION 2 OF CHARGE I FAILS TO
> STATE AN OFFENSE BECAUSE APPELLANT'S CONDUCT
> ALLEGED THEREIN DOES NOT VIOLATE THE SPECIFIED
> REGULATION.

For the reasons set forth below, we affirm.

I. BACKGROUND

The granted issue asks whether Specification 2 of Charge 1, as drafted, constituted a criminal offense. Appellant contends that the specification fails to allege facts essential to prove

2

a violation of the Department of Defense (DoD) regulation concerning bribery.

The specification at issue concerns arrangements made by Appellant, a prison guard, for a male prisoner and the prisoner's female friend to meet in a private room. The specification alleged that Appellant:

> [D]id, at or near Seymour Johnson Air Force Base, on or about 9 May 9 2002, violate a lawful general regulation, to wit: the Joint Ethics Regulation, Department of Defense Directive 5500.7-R, Chapter 5, paragraph 5-400(a), dated 30 August 1993, by wrongfully accepting currency of some value for arranging for Federal Prison Camp Inmate [G] to meet in private with his friend [Ms. ADP] at a billeting room at the Southern Pines Inn, a willful violation of [his] lawful duties to supervise the work of the said Federal Prison Camp Inmate [G].

The Joint Ethics Regulation cited in the specification regulates the subject of bribery by DoD personnel and provides in pertinent part that DoD personnel are:

> prohibited from, directly or indirectly, giving, offering, promising, demanding, seeking, receiving, accepting, or agreeing to receive anything of value to influence any official act, . . . [or] to induce committing or omitting any act in violation of a lawful duty . . . .

DoD 5500.7-R, Joint Ethics Regulation, ch. 5, § 4, para. 5-400.a (Aug. 30, 1993) [hereinafter JER para. 5-400.a].

At trial the prosecution introduced evidence of Appellant's pretrial admissions that Inmate G had offered him $100.00 to obtain a room for the inmate's meeting with Ms. ADP, and that he

had received $60.00 for doing so.  Appellant acknowledged that after paying for the room he retained $36.00.

The defense expressly recognized that the subject of bribery was at issue in the case.  The defense did not move to dismiss the specification for failure to state an offense, see Rule for Courts-Martial (R.C.M.) 907(b)(1)(B), but instead argued to the members of the court-martial panel that they should not view the transaction between Inmate G and Appellant as a bribe.  The Government, in its closing statement, contended that Appellant not only agreed to receive money in exchange for arranging the private meeting between Inmate G and Ms. ADP, but was motivated to arrange the meeting by his desire to make money.

After giving counsel the opportunity to review and comment on the proposed instructions, the military judge instructed the members, without objection from counsel, that JER para. 5-400.a "provides in part that all DoD employees are prohibited from receiving or agreeing to receive anything of value to induce committing or omitting any act in violation of a lawful duty." The military judge subsequently read the entire text of JER para. 5-400.a into the record.  The court-martial found Appellant guilty of the specification at issue, among other offenses.  Defense counsel did not object to the sufficiency of

the specification or to the instructions on that charge at any time before or during trial.

Before the Court of Criminal Appeals, Appellant alleged for the first time that the specification failed to state an offense. The court concluded that the specification stated an offense. Crafter, No. ACM 35476, slip op. at 1-2. The court also held the evidence introduced at trial was legally and factually sufficient to support Appellant's conviction of bribery in violation of the regulation. Id. at 2.

In the present appeal, the granted issue concerns only the text of the specification -- i.e., whether the specification as drafted alleged a criminal offense, not whether the evidence introduced at trial was legally sufficient to prove a violation of the regulation.

## II. LEGAL SUFFICIENCY OF A SPECIFICATION

A specification states an offense if it alleges, either expressly or by implication, every element of the offense, so as to give the accused notice and protection against double jeopardy. United States v. Dear, 40 M.J. 196, 197 (C.M.A. 1994) (citing R.C.M. 307(c)(3)). Failure to object does not waive the issue of a specification's legal sufficiency. R.C.M. 905(e). If, however, a specification has not been challenged prior to findings and sentence, the sufficiency of the specification may

be sustained "if the necessary facts appear in any form or by fair construction can be found within the terms of the specification." United States v. Mayo, 12 M.J. 286, 288 (C.M.A. 1982) (citations and quotation marks omitted). The question of whether a specification states an offense is a question of law, which this Court reviews de novo. See Dear, 40 M.J. at 197; Mayo, 12 M.J. at 288.

## III.  DISCUSSION

The question raised by the present appeal is whether the specification properly alleged all the elements of bribery in violation of the regulation. In particular, we must determine whether the declaration in the specification that Appellant accepted money "for" arranging Inmate G's private meeting with Ms. ADP is sufficient to allege intent to influence or induce an official act, an element of the offense at issue.

The word "for" has many meanings. See, e.g., Black's Law Dictionary 644 (6th ed. 1990) (defining "for" to encompass multiple meanings, including "[t]he cause, motive or occasion of an act . . . ."). In the factual context of this case, the word "for" could refer to circumstances either predating or post-dating an event. Accordingly, the specification in this case was susceptible to at least two different meanings. Under one interpretation, the word "for" could have been read to refer to

6

an after-the-fact payment in a situation where Appellant arranged the meeting without having in place any agreement or understanding that he would be paid for his efforts. On this reading, the specification would not have alleged intent to receive money. Absent such an allegation, the specification would have failed to allege the necessary element of intent to "influence" or "induce" an official act.

Under an alternative interpretation, the word "for" could have been understood to refer to a quid pro quo; that is, that Appellant accepted money in exchange for arranging the meeting. On this reading, the specification would have properly alleged the element of intent to influence or induce his conduct in arranging the meeting.

A specification that is susceptible to multiple meanings is different from a specification that is facially deficient. Although a facially deficient specification cannot be saved by reference to proof at trial or to a rule referenced in the specification, see Mayo, 12 M.J. at 288 (holding that elements of offense cannot be implied from a declaration that conduct was in violation of statute), it is appropriate to consider such matters in the case of a specification susceptible to multiple meanings. For example, in United States v. Russell, 47 M.J. 412, 413 (C.A.A.F. 1998), the appellant argued that specifications alleging that he "wrongfully" transmitted and

7

received child pornography, in violation of 18 U.S.C. § 2252(a) (1994), were fatally deficient in that they failed to allege that he knowingly possessed such materials. We held that the term "wrongfully," as used in the specifications, was broad enough to imply guilty knowledge. Id. In addition, we concluded that the appellant was on notice of the guilty knowledge requirement since the specifications cited 18 U.S.C. § 2252(a), which requires that an accused act "knowingly," and the military judge instructed the members that they must find that the accused acted knowingly. Id.

In the present case, as in Russell, the specification at issue cites the rule allegedly violated by Appellant: JER para. 5-400.a, which prohibits DoD employees from accepting money to "influence" official conduct or "induce" unlawful conduct. The citation to JER para. 5-400.a clarifies that Appellant was charged with accepting money with the intent to influence or induce his actions. See Russell, 47 M.J. at 413.

Moreover, here, as in Russell, the record demonstrates that Appellant was on notice of the charge. First, defense counsel affirmatively addressed the element of whether Appellant had the intent to induce or influence an official act, arguing to the panel that the evidence was insufficient. Second, the military judge instructed the members -- without defense objection -- on the elements of the offense of bribery, including the

United States v. Crafter, No. 06-0116/AF

requirement that Appellant acted with intent to influence or induce.  These two factors, taken together, underscore that at trial the defense was not misled and did not regard the specification as fatally deficient.

We have long recognized that:

> [t]he true test of the sufficiency of [a specification] is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

United States v. Sell, 3 C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953).  Although Specification 2 of Charge 1, charging Appellant with bribery under JER para. 5-400.a, could have been drafted with greater precision, the circumstances of this case demonstrate that the necessary facts can be found under a fair construction of the specification.  See Mayo, 12 M.J. at 288.  Because Appellant was on notice of the charge against him, and the record shows that he was tried and convicted of bribery, the specification was not fatally defective.


IV.  CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

9