# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

### UNITED STATES

#### v.

### Staff Sergeant THOMAS N. WALTHOUR
### United States Air Force

### ACM S32235

### 7 April 2015

Sentence adjudged 27 February 2014 by SPCM convened at Columbus Air Force Base, Mississippi. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Major Robert Ramírez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

HECKER, Judge:

A special court-martial composed of a military judge convicted the appellant, pursuant to his pleas, of assault consummated by a battery and adultery, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. § 928, 934. Contrary to his pleas, he was convicted of maltreating a subordinate, in violation of Article 93, UCMJ, 10 U.S.C. § 893. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant argues the maltreatment specification fails to state an offense and his conviction for that specification is legally and factually insufficient. Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.

*Background*

The charges in this case stemmed from the appellant's interactions with several other Airmen between February and April 2013, with the majority of the misconduct occurring on 12 February while he was traveling with them to a deployment as their team leader. He engaged in sexual intercourse with one of the female Airmen despite both of them being married to other individuals, resulting the adultery charge.

The appellant also admitted intentionally placing his hands on the buttocks of another female Airman without her permission during the course of a game played in a billeting room. Around the same time, the appellant bent a male Airman's arm behind his back, causing him pain. For these two incidents, the appellant pled guilty to two specifications of assault consummated by a battery.[*]

*Failure to State an Offense*

In addition to assaulting a female Airman by touching her buttocks, the appellant was also charged with maltreating her by making offensive comments of a sexual nature between 1 February 2013 and 30 April 2013. A week before trial, the defense moved for a bill of particulars, asking what comments served as the basis for this specification. The following day, trial counsel notified the defense of three comments allegedly made by the appellant. One comment was alleged to have occurred on 12 February 2013 and two other comments came prior to the deployment. Just before trial, the government notified the defense about an additional comment allegedly made on 12 February 2013.

At trial, the defense moved to dismiss this specification, contending the specification as charged failed to provide sufficient specificity about the comments to state an offense. The defense also argued that the specification alleged a single incident of maltreatment and the government had improperly broadened the specification by including multiple comments allegedly made on multiple occasions. The military judge denied the defense motion. Pursuant to *Grostefon*, the appellant renews this motion on appeal.

---

[*] The appellant was charged with aggravated sexual contact for the buttocks incident in violation of Article 120, UCMJ, 10 U.S.C. § 920. After he pled guilty to the lesser included offense of assault consummated by a battery, the government elected to go forward with the greater offense. The military judge found the appellant not guilty of the greater offense. The appellant also pled not guilty to two specifications of obstruction of justice charged under Article 134, UCMJ, 10 U.S.C. § 934, and was acquitted of those offenses.

Whether a specification fails to state an offense is a question of law that we review de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). "The military is a notice pleading jurisdiction." *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citing *United States v. Sell*, 11 C.M.R. 202, 206 (C.M.A. 1953)). A specification states an offense if it alleges every element of the charged offense expressly or by necessary implication so as to give the accused notice and protection against double jeopardy. Rule for Courts-Martial (R.C.M.) 307(c)(3); *Crafter*, 64 M.J. at 211. "A specification that is susceptible to multiple meanings is different from a specification that is facially deficient." *Crafter*, 64 M.J. at 211.

As did the military judge, we conclude both elements of the maltreatment offense were pled in the specification—that the female Airman was subject to the accused's orders and that he maltreated her by making offensive comments of a sexual nature during a 60-day time frame. *See Manual for Courts-Martial, United States*, Part IV, ¶ 17.c.(2) (2012 ed.) (noting that deliberate or repeated offensive comments can constitute this offense). We also find that the specification is adequate to provide the appellant with notice and protection against double jeopardy. Furthermore, the bill of particulars served "to inform the accused of the nature of the charge with sufficient precision to enable the [appellant] to prepare for trial." R.C.M. 906(b)(6), Discussion.

*Sufficiency of the Evidence*

Also pursuant to *Grostefon*, the appellant contends the evidence is factually and legally insufficient to sustain the appellant's conviction for maltreatment because there were numerous inconsistencies in the female Airman's testimony. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987)). "The test for factual sufficiency is whether, after weighing the evidence . . . and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *Turner*, 25 M.J. at 325) (internal quotation marks omitted).

We are convinced that the appellant did make offensive comments of a sexual nature to this female Airman while she was subject to his orders. Viewing the evidence in the light most favorable to the government, we are convinced a rational factfinder could find beyond a reasonable doubt the appellant was guilty of the offense. Upon our own review of the evidence in the record of trial, we are personally convinced of the appellant's guilt beyond a reasonable doubt.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

ACM S32235