# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class MATTHEW B. ALBRIGHT
### United States Air Force

## ACM 37961 (rem)

## 15 April 2015

Sentence adjudged 23 March 2011 by GCM convened at RAF Lakenheath, United Kingdom. Military Judge: Jefferson B. Brown (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 4 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis and Major Daniel E. Schoeni.

Appellate Counsel for the United States: Lieutenant Colonel Linell A. Letendre; Major Daniel J. Breen; Major Megan E. Middleton; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIUM:

A general court-martial composed of a military judge alone convicted the appellant, in accordance with his pleas, of dereliction of duty and receiving and possessing child pornography, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. The military judge also convicted him, contrary to his pleas, of one specification each of making a false official statement, indecent acts, and wrongful sexual

contact; as well as two specifications of unlawful entry, in violation of Articles 107, 120, and 134, UCMJ, 10 U.S.C. §§ 907, 920, 934. The military judge acquitted the appellant of one specification alleging indecent acts, two specifications alleging wrongful sexual contact, and one charge and one specification alleging possession of child pornography. The court sentenced the appellant to a dishonorable discharge, confinement for 4 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant argued that two specifications alleging unlawful entry failed to state an offense because neither— expressly or by necessary implication—alleged the terminal elements required for an Article 134, UCMJ, offense.[1] We agreed.

On 28 March 2013, we issued a decision in which we set aside and dismissed two specifications of Charge IV (each alleging unlawful entry), affirmed the remaining findings, and affirmed the sentence. *United States v. Albright*, ACM 37961 (A.F. Ct. Crim. App. 28 March 2013) (unpub. op.). Mr. Soybel was a member of the panel that decided the case. Following Mr. Soybel's appointment by the Secretary of Defense on 25 June 2013, we reconsidered our decision sua sponte and on 6 August 2013 issued a new opinion upon reconsideration in which we corrected our previous decision and set aside and dismissed Specifications 3 and 4 of Charge IV (unlawful entry). *United States v. Albright*, ACM 37961 (recon) (A.F. Ct. Crim. App. 6 August 2013) (unpub. op.).

On 2 January 2014, our superior court granted the appellant's petition for review to determine whether Mr. Soybel had been properly appointed. *United States v. Albright*, 73 M.J. 193 No. 13-0531/AF (Daily Journal 2 January 2014). On 27 June 2014, our

---

[1] The appellant also raised an issue regarding the completeness of the record of trial because a computer disk labeled as Appellate Exhibit XI failed to open. A court paralegal successfully opened the disk, both sides had an opportunity to review it, and both sides agreed that the issue was moot.

superior court issued its decision in this case, *United States v. Albright*, 73 M.J. 422 (C.A.A.F. 2014), holding that, in light of *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), the Secretary of Defense did not have the legislative authority to appoint appellate military judges and that his appointment of Mr. Soybel to this court was "invalid and of no effect." Our superior court reversed our decision in this case and remanded it to us for further review under Article 66, UCMJ.

In light of this ruling by our superior court, we have reviewed the appellant's case. Our review includes the appellant's previous filings and the previous opinions issued by this court, as well as a supplemental assignment of errors in which the appellant asserts he is entitled to relief due to excessive post-trial processing delays. Finding error, we dismiss Specifications 3 and 4 of Charge IV (unlawful entry), affirm the remaining findings, and affirm the sentence.

*Article 134, UCMJ, Specifications and the Terminal Element*

Whether a charged specification states an offense is a question of law we review de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). "A specification states an offense if it alleges, either expressly or by [necessary] implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." *Id.* (citing *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)); *see also* Rule for Courts-Martial 307(c)(3).

In the case of a litigated Article 134, UCMJ, specification that does not allege the terminal element but which was not challenged at trial, the failure to allege the terminal element is reviewed for plain and obvious error, an issue which is forfeited rather than waived by failure to object at trial. The remedy, if any, depends on "whether the defective specification resulted in material prejudice to [the appellant]'s substantial right to notice." *United States v. Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012). The prejudice analysis of a defective specification under plain error requires a close review of the record. Indeed, we must be:

> Mindful that in the plain error context the defective specification alone is insufficient to constitute substantial prejudice to a material right, we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is essentially uncontroverted.

*Id.* at 215–16 (citations omitted) (internal quotation marks omitted); *see also United States v. Gaskins*, 72 M.J. 225, 233 (C.A.A.F. 2013) (rejecting the Government's contention that an accused is not prejudiced by the failure to allege the terminal element because the predicate acts were "intuitively" prejudicial).

In accordance with *Humphries*, we are compelled to disapprove the findings of guilty to Specifications 3 and 4 of Charge IV, both alleging unlawful entry in violation of Article 134, UCMJ. Neither specification alleges a terminal element nor did either side mention the terminal elements during the trial. We find nothing in the record to satisfactorily establish notice of the need to defend against the terminal elements, and there is no indication the evidence was uncontroverted as to the terminal elements.[2] Although the appellant pled guilty to two other unrelated Article 134, UCMJ, offenses, the advice on the terminal elements of those offenses is insufficient to provide notice on the litigated specifications. *Cf. United States v. Ballan*, 71 M.J. 28, 34–36 (C.A.A.F. 2012), *cert. denied*, 133 S. Ct. 43 (2012) (mem.) (failing to allege the terminal element of an Article 134, UCMJ, offense is error, in the context of a guilty plea; the error is not prejudicial when the military judge correctly advises the appellant of all the elements, and the plea inquiry shows that the appellant understood which offense and under what legal theory he was pleading guilty).

On consideration of the entire record, and pursuant to *Humphries*, the findings of guilty to Specifications 3 and 4 of Charge IV are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the factors outlined in *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), this court finds that the sentence, as approved by the convening authority, is appropriate for the remaining offenses.[3]

*Appellate Review Time Standards*

The appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), that the unreasonable post-trial delay from the date the case was docketed with this court in July 2011 until this opinion warrants relief. The appellant further cites to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), noting this court's responsibility to affirm only those findings and sentence that should be approved.

---

[2] The Government argued Judge Stucky's dissenting view that the Article 32, UCMJ, 10 U.S.C. § 832, hearing provided fair and accurate notice of the terminal element. *See United States v. Humphries*, 71 M.J. 209, 222 (C.A.A.F. 2012) (Stucky, J., dissenting). Our superior court has since stated that in determining whether notice of the missing element is somewhere extant in the record or essentially uncontroverted, we are limited to considering "evidence contained in the trial record." *United States v. Tunstall*, 72 M.J. 191, 197 (C.A.A.F. 2013).

[3] The facts and circumstances surrounding the dismissed specifications were properly before the court as res gestae of the charged Article 120, UCMJ, 10 U.S.C. § 920, offenses. Dismissing the two unlawful entry specifications does not substantially change the penalty landscape; the two unlawful entry specifications carried a combined maximum confinement of 1 year, so their dismissal reduces the maximum imposable confinement from 42 years and 6 months to 41 years and 6 months. The appellant also chose sentencing by a military judge alone, the remaining offenses capture the gravamen of criminal conduct included within the original offenses, and we are experienced and familiar with the type of remaining offenses. Under the facts of this case, we are confident that the military judge would have imposed the same sentence.

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of docketing the case before this court. *Moreno*, 63 M.J. at 142. The *Moreno* standards continue to apply as a case continues through the appellate process; however, the *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *United States v. Mackie*, 72 M.J. 135–36 (C.A.A.F. 2013); *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

If the *Moreno* standards are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2013).

The time between docketing with this court and our initial decision was facially unreasonable, triggering the *Barker* factors. However, the time between our superior court's remand in June 2014 and this decision is well within the 18-month period and is therefore not facially unreasonable. While the appellant cites the sum of all periods of appellate review as reason to grant relief, the only time period that exceeded the *Moreno* standards was the period leading up to this court's first decision in this matter.

When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See Allison*, 63 M.J. at 370. This approach is appropriate in the appellant's case. The post-trial record contains no evidence that the delay has had any negative impact on the appellant. Even the "stress and anxiety" argued by the appellant is minimal in its impact and no more than any other appellant waiting appellate review. We recognize that our decision today grants the appellant some relief by setting aside and dismissing two specifications, but we grant no sentence relief and there is no reason to believe the appellant was prejudiced in any way by waiting for this relief.

Furthermore, when there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case not to be so egregious as to adversely affect the public's perception of fairness and

integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

Lastly, even assuming the total appellate processing of this case raises a presumption of unreasonable delay, we again conclude the delay was harmless under the *Barker* and *Toohey* analyses.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. Even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The record of trial is 7 volumes to include a 1,000 page transcript and 52 appellate exhibits. The reason for the delay after our initial decision was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[4] to appoint civilian employees to the service courts of criminal appeals. *See Janssen*, 73 M.J. at 221. The impact of any delay was mitigated when we specifically allowed the appellant to file a supplemental assignment of error. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The findings of guilty of Specifications 3 and 4 of Charge IV are set aside, and those specifications are dismissed. The remaining findings and the sentence, as reassessed, is correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant remains. Articles 59(a) and 66(c), UCMJ.

---

[4] U.S. CONST. art. II, § 2, cl. 2.

Accordingly, the remaining findings and the sentence, as reassessed, are **AFFIRMED**.

 FOR THE COURT

STEVEN LUCAS
Clerk of the Court