# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Daniel LEAL
### Maritime Law Enforcement Specialist First Class (E-6), U.S. Coast Guard

## CGCMS 24949
## Docket No. 1445

## 19 October 2017

Special Court-Martial convened by Commander, Coast Guard Pacific Area. Tried at Alameda, California, on 12 January 2016 and 10-11 May 2016.

| | |
|---|---|
| Military Judge: | CDR Ted R. Fowles, USCG |
| Trial Counsel: | LT Kristen N. Baker, USCG |
| Assistant Trial Counsel: | LCDR Jeremy M. Greenwood, USCG |
| Civilian Defense Counsel: | Mr. Greg Gagne, Esq. |
| | Mr. Keith J. Scherer, Esq. |
| Military Defense Counsel: | LT Terrence M. Thornburgh, USCGR |
| Assistant Defense Counsel: | CDR Jason L. Jones, JAGC, USN |
| Special Victim Counsel | LT Amanda L. Gavelek, USCGR |
| Appellate Defense Counsel: | LT Jason W. Roberts, USCGR |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |
| | LT Connor B. Simpson, USCGR |

## BEFORE
## McCLELLAND, BRUCE & HERMAN
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Contrary to his pleas, Appellant was convicted of one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to reduction to E-1, confinement for thirty days, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged.

Before this court, Appellant has assigned the following errors:

I.      The specification for abusive sexual contact fails to state an offense because it does not allege a touching of a body part and Appellant's specific intent.

II.     The evidence is neither legally nor factually sufficient to support a finding of guilty that Appellant touched NP when he knew or reasonably should have known she was asleep given that the evidence is not clear that she was asleep.

We agree that the specification fails to state an offense. We do not reach the second issue.

The specification of which Appellant was found guilty alleges that Appellant committed sexual contact upon NP, "to wit: pulled down the shorts and underwear of [NP] with his hands, exposing [NP]'s buttocks, when the accused knew or reasonably should have known that [she] was asleep."

Article 120(g)(2) defines sexual contact, in relevant part, as "(A) touching . . ., either directly or through the clothing, the . . . buttocks of any person," with a certain intent; or "(B) any touching . . ., either directly or through the clothing, any body part of any person," if done with a certain intent.

The specification in this case does not allege the touching of the buttocks or any other body part of NP. While it may seem impossible to pull down a person's shorts and underwear without touching a body part at least through the shorts and underwear, the specification does not allege any touching. That the buttocks are alleged to have been exposed does not change the fact that no touching is alleged.

A specification is sufficient when first scrutinized on appeal "if the necessary facts appear in any form or by fair construction can be found within the terms of the specification." *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006) (quoting *United States v Mayo*, 12

M.J. 286, 288 (C.M.A. 1982)). A specification is sufficient in general if it alleges every element of the charged offense expressly or by necessary implication. Rule for Courts-Martial 307(c)(3); *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011); *Crafter*, 64 M.J. at 211. To say that pulling down the shorts and underwear of a person can be fairly construed as or necessarily implies touching a body part of that person stretches too far, in our view. In this case, the specification was contested at trial. After the Government presented its case, Appellant moved to dismiss the specification for failure to state an offense. (R. at 377-78.)[1] Hence sufficiency of this specification is judged narrowly. *Fosler*, 70 M.J. at 230. We are compelled to conclude that the specification fails to state an offense because it fails to allege a touching. We need not address whether or not the specification is also infirm in that it also does not allege specific intent.

As in *Fosler*, "the military judge's decision to deny Appellant's motion to dismiss was in error. The remedy for this erroneously denied motion to dismiss is dismissal." *Id.* at 233 (footnote and citation omitted). We will dismiss the specification.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of the charge and specification are set aside and the charge and specification are dismissed. A new trial may be ordered upon a different specification.

Judges BRUCE and HERMAN concur.



For the Court,

Sarah P. Valdes
Clerk of the Court

---

[1] The military judge denied the motion. (R. at 381.)