# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SHAWN M. ROGERS**
**United States Army, Appellant**

ARMY 20190032

Headquarters, 1st Infantry Division and Fort Riley
Robert Shuck, Military Judge
Lieutenant Colonel Alexander N. Pickands, Acting Staff Judge Advocate

For Appellant: Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

8 October 2019

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas of one specification of unlawfully possessing firearms in violation of 18 U.S.C. §922(g), one specification of obstruction of justice, one specification of false official statement, one specification of failure to obey a lawful general regulation, and two specifications of simple assault in violation of Articles 134, 107, 92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 907, 892, and 928 [UCMJ]. The military judge also convicted appellant pursuant to his pleas of two "novel" specifications: removing firearms and ammunition from his residence with the intent to prevent their seizure, which he "knew, persons authorized to make searches and seizures were about to seize," and wrongfully soliciting another soldier "to commit the offense of removal of property in order to prevent seizure. . . ," both charged in violation of Article 134, UCMJ. The convening authority approved the adjudged sentence of a bad-conduct discharge.

## BACKGROUND

In 1999, appellant was convicted of a felony and served three years in prison for stabbing another individual and cutting off his ear during a fight. Despite his felony conviction, appellant was able to enlist in 2007 by virtue of a waiver for adult major misconduct. At all times after his conviction, appellant knew federal law prohibited him from possessing firearms. In 2017, appellant purchased two firearms from a private seller. He stored the firearms in the on-post home he shared with his wife and children at Fort Riley, Kansas. He did not register the firearms with the Fort Riley Department of Emergency Services, as required by a local post regulation.

On 10 April 2018, while appellant was in the field, he argued with his wife via text messages. She threatened to leave him and call the Family Advocacy Program to report his unregistered firearms. Appellant confided in one of his junior soldiers that he was a convicted felon and needed to remove illegal firearms from his on-post residence before they were seized. He told the soldier, "We have to get the weapons out of the house." The junior soldier agreed to help appellant, borrowing another soldier's car to drive appellant back to his on-post residence.

Appellant went into his home while the junior soldier waited in the car outside. As appellant argued with his wife, he made his way upstairs and retrieved his firearms from the master bedroom closet. Appellant's wife tried to stop him but he pushed past her and left the house. Appellant's daughter ran from the house, crying, and went to a neighbor's house to dial 911. Appellant threw the firearms into the borrowed car, jumped in himself, and told the junior soldier to drive. They drove to the junior soldier's house to store the weapons.

## LAW AND DISCUSSION

### A. Specifications that Failed to State an Offense

We conclude the military judge abused his discretion by accepting appellant's plea of guilty to the two "novel" Article 134 specifications. We find Specifications 2 and 3 of Charge I failed to state an offense and thus, we provide relief.

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion, whereas questions of law arising from the plea are reviewed de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015). Whether a specification fails to state an offense is a question of law we review de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Because appellant failed to challenge either specification at trial, we review the "novel" specifications for plain error. *United States v. Gleason*, 78 M.J. 473, 475 (C.A.A.F. 2019).

2

Our superior court "has held that the government may not charge a 'novel' offense if the offense is otherwise listed as an Article 134, UCMJ offense. In other words, if an offense is 'already listed inside [Article 134's] framework,' it may not be charged as a 'novel' general disorder offense." *Id.* (quoting *United States v. Guardado*, 77 M.J. 90, 95 (C.A.A.F. 2017).

The government referred two "novel" Article 134 specifications[1] against appellant:

> Charge I, Specification 2: In that [appellant], did, at or near Fort Riley, Kansas, on or about 10 April 2018, with intent to prevent their seizure, remove firearms and ammunition from his residence at [Fort Riley, Kansas], property which, as the accused then knew, persons authorized to make searches and seizures were about to seize, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

> Charge I, Specification 3: In that [appellant], did, at or near Fort Riley, Kansas, on or about 10 April 2018, wrongfully solicit Specialist (E-4) [BN] to commit the offense of removal of property in order to prevent seizure, by stating "we have to the get the weapons out of the house," or words to that effect, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

In *Gleason*, the government referred a novel general disorder Article 134 offense, alleging Staff Sergeant (SSG) Gleason interfered with his live-in girlfriend's ability to place an emergency call to the police. 78 M.J. at 475. Staff Sergeant Gleason had assaulted his girlfriend and pointed a gun at her moments before he interfered with her attempt to dial 911. *Id.* Our superior court reasoned that under these circumstances, SSG Gleason's conduct fell squarely within the President's explanation of the obstruction of justice offense. *Id.* at 476. As noted by the court:

---

[1] We note that both specifications at issue mirror language from the new offense of "Prevention of authorized seizure of property" under Article 131e, UCMJ, 10 U.S.C. § 931e (2019 ed.). This new offense was one of many changes to the UCMJ implemented by the Military Justice Act of 2016, which became effective on 1 January 2019, subsequent to the charged offenses. Pub. L. No. 114-328 § 5448.

Part IV, para. 96 of the *MCM* already contains an offense of obstruction of justice which lists four elements. The elements of obstruction of justice are:

(1) That the accused wrongfully did a certain act;

(2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

(3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces of was of a nature to bring discretion upon the armed forces.

78 M.J. at 475 (citing *MCM*, pt. IV, para. 96.b.(1)-(4)).

Considering the circumstances of appellant's removal of firearms from his home, we find this offense clearly falls under obstruction of justice, which the President has already listed under Article 134.[2] Likewise, appellant's solicitation of his junior soldier should have been charged as soliciting the junior soldier to commit obstruction, rather than soliciting the junior soldier to commit a novel offense. In light of *Gleason*, we hold the "novel" offenses arising from appellant's removal of firearms from his home and solicitation of another soldier to help him remove the firearms "were both barred by *MCM* pt. IV, para. 60.c.(6)(c) and, therefore, both failed to state an offense under the UCMJ." *Id.* at 476. Accordingly, the military judge's acceptance of appellant's pleas of guilty to the novel specifications constitutes plain error.

---

[2] Had appellant committed this offense after 1 January 2019, it would properly be charged under Article 131e, UCMJ (2019 ed.). The elements the military judge defined during appellant's guilty plea were, in fact, the three elements of Article 131e plus the terminal element from Article 134.

### B. Sentence Reassessment

In light of our determination that the military judge erred in accepting appellant's pleas to Specification 2 and 3 of Charge I, we now turn to appellant's sentence. We are able to reassess the sentence and do so after consideration of the entire record and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

In evaluating the *Winckelmann* factors, we find the change in the penalty landscape is insignificant. At trial, all parties agreed the maximum possible sentence to confinement was 24 years and 6 months, apparently in accord that the two novel specifications were each punishable by a maximum confinement time of one year. Without the set-aside specifications, the potential maximum sentence to confinement remains 22 years and 6 months, far greater than the sentence the military judge imposed, which did not include any confinement.

Second, we note appellant elected to be tried by a military judge alone. We are confident the factfinder would have sentenced appellant to a bad-conduct discharge, even if he had acquitted appellant of the set-aside specifications. Most importantly, we find the remaining offenses capture the gravamen of appellant's criminal conduct. Based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. Having conducted this reassessment, we AFFIRM appellant's sentence of a bad-conduct discharge.

## CONCLUSION

The findings of guilty of Specifications 2 and 3 of Charge I are SET ASIDE and those specifications are dismissed. The remaining findings of guilty are AFFIRMED. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court