*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
_____

**UNITED STATES**
*Appellee*

**v.**

**Eric E. TENNYSON**
Gunnery Sergeant (E-7), U.S. Marine Corps
*Appellant*

**No. 202400272**
_____

Decided: 30 January 2026

Military Judges:
Nicholas S. Henry (Arraignment)
Benjamin A. Robles (Motions, Trial)

Sentence adjudged 2 December 2021 by a special court-martial tried at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reprimand.

For Appellant:
*Lieutenant Commander Leah Fontenot, JAGC, USN*
*Lieutenant Commander Marc D. Hendel, JAGC, USN*

For Appellee:
*Lieutenant Erin H. Bourneuf, JAGC, USN*
*Commander John T. Cole, JAGC, USN*

_____

**This opinion does not serve as binding
precedent, but may be cited as persuasive
authority under NMCCA Rule of Appellate
Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting alone as a special court-martial, convicted Appellant, contrary to his pleas, of two specifications of violating a general order in violation of Article 92, Uniform Code of Military Justice (UCMJ).[1] Before us, Appellant raises four assignments of error (AOE):

I. Is the evidence legally sufficient to sustain Appellant's convictions for violation of a general order under Article 92, UCMJ?

II. Is the evidence factually sufficient to sustain Appellant's convictions for violation of a general order under Article 92, UCMJ?

III. Do the specifications of which Appellant was convicted fail to state an offense?

IV. Whether referral to a mandatory judge-alone special court-martial of charged offenses carrying a maximum authorized punishment including two years' confinement and a dishonorable discharge violated Appellant's Fifth Amendment right to due process.[2]

For the reasons set forth below, we affirm.

## I. BACKGROUND

On 1 October 2020, Appellant began the check-in process at his new command. Corporal (Cpl) R.A.B. introduced herself to Appellant as she was the clerk who would be assisting him with his check-in. While Cpl R.A.B. was putting together paperwork for Appellant, who was standing in the doorway, First Lieutenant (1stLt) A.A.P. walked by the office. Appellant and 1stLt A.A.P. gave

---

[1] 10 U.S.C. §892.

[2] We carefully considered the matters raised by Appellant in his brief regarding the fourth AOE and find it does not require discussion or relief. *See United States v. Matias* 25 M.J. 356, 361 (C.M.A. 1987); *See also United States v. Wheeler*, 85 M.J. 70 (C.A.A.F. 2024).

each other the greeting of the day as she passed, and then Appellant leaned out of the office to watch 1stLt A.A.P. continue to walk down the hallway. When Appellant returned to the office, he looked at Cpl R.A.B. and "made a suggestive noise and said that he was gonna get himself into some trouble in [the] company."[3] Corporal R.A.B. found the noise along with the comments to be suggestive in nature and unwelcome in that environment.[4] After 1stLt A.A.P. was gone, First Sergeant (1stSgt) S.L.P. stopped by to introduce herself to Appellant. On cross-examination, Cpl R.A.B. testified that after 1stSgt S.L.P. left, Appellant said "she's going to hate my fucking guts."[5]

The next day, 2 October 2020, Appellant returned to Cpl R.A.B.'s office to weigh-in as part of his check-in to the command. Staff Sergeant (SSgt) S.J.T., who was present along with Cpl R.A.B., saw Appellant in his camouflage uniform instead of his green shorts, which he was holding in his hands. Staff Sergeant S.J.T. heard Appellant start to unbuckle his belt and asked Appellant to go across the hallway to change into the shorts. Corporal R.A.B. testified that Appellant then said, "[y]ou don't mind it's just my panties, right, Corporal [R.A.B.]?"[6] Appellant proceeded to take off his pants and change into his green shorts for the weigh-in, even though SSgt S.J.T. told him again to change in the bathroom across the hallway. Corporal R.A.B. testified that she felt uncomfortable,[7] but she did not see much as she hid her face behind her computer screen and did not interact with Appellant. Staff Sergeant S.J.T.'s testimony corroborated Cpl R.A.B.'s account as to what happened. Staff Sergeant S.J.T. testified that he found Appellant's actions to be more disrespectful due to Appellant ignoring his request rather than making him feel uncomfortable. Later, SSgt S.J.T. decided to file a complaint after speaking with his 1stSgt in order to "stick up for Corporal [R.A.B.]."[8]

Also in early October, Appellant was speaking with Sergeant (Sgt) J.C.A. about drill instructor duty, while then-Sgt D.C.H.[9] was working in their office. During this discussion, he made comments about 1stSgt S.L.P. Sergeant D.C.H. testified that Appellant said he "would love to see her in boots and utes, and that he bets – he bets that she has a shaved p[****]. And also that she paid

---

[3] R. at 127.

[4] R. at 129-30.

[5] R. at 142.

[6] R. at 133.

[7] R. at 133.

[8] R. at 175.

[9] By the time of trial, Sgt D.C.H. had promoted to Staff Sergeant.

a pretty penny for her fake t[***]."[10] Sergeant D.C.H. testified that he "felt uncomfortable in the situation, you know . . . a staff NCIOC saying something like that about your company First Sergeant."[11] Sergeant D.C.H. said those comments were not welcome in a work setting. Although he wished he had said something at the time, he felt awkward making a correction, as he was a sergeant checking in a new gunnery sergeant;[12] however, Sgt D.C.H. was not personally offended by the comments.[13] Sergeant J.C.A. also testified to Appellant's comments and said he was not offended by them; however, the comments were not welcome, especially since Sgt J.C.A. did not know Appellant and was Appellant's subordinate. Sergeant J.C.A. also felt it was too awkward to try to correct someone higher in grade. Sergeant D.C.H. reported the comments to the chain of command in hopes that Appellant would receive mentoring.

Appellant was charged with three specifications of violating paragraph 010502 of the Prohibited Activities and Conduct Prevention and Response Policy, Marine Corps Order (MCO) 5354.1E W/ADMIN CH, dated 15 June 2018 (PAC Order) for the three incidents described above. The military judge found Appellant guilty of two of the three specifications.[14]

## II. DISCUSSION

### A. The Evidence is Legally and Factually Sufficient to Sustain Appellant's Convictions for Violation of Article 92, UCMJ.

#### 1. Standard of Review

The test for legal sufficiency is whether, "considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."[15] "As such, '[t]he

---

[10] R. at 203.

[11] R. at 203-04

[12] R. at 204.

[13] R. at 217.

[14] The military judge found Appellant not guilty of Specification 2, which was the 2 October 2020 incident described above involving the weigh-in. R. at 410; Entry of Judgment.

[15] *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

standard for legal sufficiency involves a very low threshold to sustain a conviction.'"[16]

For crimes that occurred prior to 2021, we review factual sufficiency de novo.[17] The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses," we are convinced of an appellant's guilt beyond a reasonable doubt.[18] We presume neither innocence nor guilt, and instead take "a fresh, impartial look at the evidence" to independently determine whether each element has been satisfied with proof beyond a reasonable doubt.[19] Proof beyond a reasonable doubt "does not mean the evidence must be free from conflict."[20]

*2. Analysis*

We begin with an analysis of whether the evidence is legally sufficient to support Appellant's convictions for sexual harassment. In Specification 1, the Government needed to prove:

(1) That there was in effect a certain lawful general order, to wit: Paragraph 010502, MCO 5354.1E ADMIN CH, dated 15 June 2018,[21]

(2) That Appellant had a duty to obey such order; and

(3) That on or about 1 October 2020 at Marine Corps Base Camp Lejeune, North Carolina, Appellant violated this lawful general order by wrongfully sexually harassing Corporal R.A.B.[22]

For Specification 3, the Government needed to prove:

---

[16] *United States v. King,* 78 M.J. 218, 221 (C.A.A.F. 2023) (citing *United States v. Navrestad,* 66. M.J. 262, 269 (C.A.A.F. 2008).

[17] Article 66(d)(1), UCMJ (2019 ed.); *See United States v. Rosario,* 76 M.J. 114, 117 (C.A.A.F. 2017).

[18] *Turner,* 25 M.J. at 325.

[19] *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002).

[20] *United States v. Rankin,* 63 M.J. 552, 557 (N-M. Ct. Crim. App. 2006) (citing *United States v. Lips,* 22 M.J. 679, 684 (A.F.C.M.R. 1986)).

[21] The military judge took judicial notice of MCO 5354.1E ADMIN CH dated 15 June 2018 as a lawful order and that it was in effect at the time of the offenses. R. at 348.

[22] Appellant was originally charged with sexually harassing both Cpl R.A.B. and 1stLt A.A.P. in this specification; however the military judge excepted the words "First Lieutenant A.A.P." and found Appellant guilty of the specification as excepted. Entry of Judgment.

(1) That there was in effect a certain lawful general order, to wit: Paragraph 010502, MCO 5354.1E ADMIN CH, dated 15 June 2018,

(2) That Appellant had a duty to obey such order; and

(3) That on or about 1 October 2020 at Marine Corps Base Camp Lejeune, North Carolina, Appellant violated this lawful general order by wrongfully sexually harassing Sergeant J.C.A. and Sergeant D.C.H.[23]

Appellant's attacks on the legal and factual sufficiency of his convictions center around definitions within the PAC Order that were not the basis for the charges against him.[24] Paragraph 010502 of the PAC Order sets forth prohibited conduct that is considered to be sexual harassment. Section C prohibits "[a]ny conduct whereby a Service member or DOD employee knowingly, recklessly, or intentionally and without proper authority but with a nexus to military service makes deliberate or repeated unwelcome verbal comments or gestures of a sexual nature."[25] The PAC Order also states "[t]here is no requirement for concrete psychological harm to the complainant for behavior to constitute sexual harassment."[26] During an Article 39(a) session, trial counsel provided notice to Appellant and the military judge that the offenses were based on violations of Section C of paragraph 010502 of the PAC Order;[27] further, during closing argument, trial counsel only referred to Section C.

Based on the witness testimony and the other evidence presented at trial in this case, a reasonable fact-finder could have found the essential elements of the crimes beyond a reasonable doubt. Considering the evidence in the record of trial in the light most favorable to the Government, we find the evidence to

---

[23] In this specification, Appellant was also charged with sexually harassing 1st Sgt S.L.P; however the military judge excepted the words "First Sergeant S.L.P." and found Appellant guilty of the specification as excepted. Entry of Judgment.

[24] Appellant argues the Government did not prove the sexual harassment conduct as defined by paragraph 010502 Section A.2., which states "knowing, reckless, or intentional conduct with a nexus to military service that: . . . . 2. [i]s so severe or pervasive that a reasonable person would perceive, and the victim does perceive, the work environment as hostile or offensive." Appellant's Brief at 5, 24. Appellant cites to *United States v. Truitt*, 84 M.J. 721 (C.G. Ct. Crim App. 2024) and *United States v. Rosario*, No. NMCCA 201500251, 2016 CCA LEXIS 32 (N-M Ct. Crim. App. Jan. 28, 2016) in support of his argument. However, this argument is inapt, as Appellant was not convicted under Section A.2.

[25] Pros. Ex. 2 at 11.

[26] Pros. Ex. 2 at 11.

[27] R. at 79.

be legally sufficient to support Appellant's convictions. Specifically, the Government presented more than sufficient evidence to show that Appellant's comments were made knowingly and were deliberate unwelcome verbal comments of a sexual nature. This is all that is required to prove a violation of Section C of paragraph 010502 of the PAC Order. Weighing the evidence, while allowing for not having personally observed the witnesses, we are also convinced beyond a reasonable doubt of Appellant's guilt and find the specifications factually sufficient.

## B. The Specifications of Which Appellant was Convicted Do Not Fail to State an Offense

### 1. Standard of Review

Whether a specification states an offense is a question of law and is reviewed de novo.[28] "A specification states an offense if it alleges, either expressly or by implication, every element of the offense, so as to give the accused notice and protection against double jeopardy."[29] "[W]hen [a] charge and specification are first challenged at trial, we read the wording . . . narrowly and will only adopt interpretations that hew closely to the plain text."[30] "Hewing closely to the plain text means we will consider only the language contained in the specification when deciding whether it properly states the offense in question."[31]

### 2. Analysis

Appellant argues that the specifications of which he was convicted are defective, because they do not allege the specific acts that violated the PAC Order and therefore both fail to state an offense.[32] Specification 1 of the Charge is as follows:

> In that Gunnery Sergeant Eric E. TENNYSON, U.S. Marine Corps, on active duty, did, on board Marine Corps Base Camp Lejeune, North Carolina, on or about 1 October 2020, violate a lawful general order, which was his duty to obey, to wit: Paragraph 010502, MCO 5354.1E W/ADMIN CH, date 15 June 2018,

---

[28] *United States v. Turner*, 79 M.J. 401, 404 (C.A.A.F. 2020) (citing *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006).

[29] *Crafter*, 64 M.J. at 211 (citing *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)); *See also* Rule for Courts-Martial (R.C.M.) 307(c)(3).

[30] *Turner*, 79 M.J. at 403 (quoting *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011)) (internal quotations omitted).

[31] *Id.*

[32] Appellant's Brief at 24.

by wrongfully sexually harassing; - First Lieutenant A.A.P., U.S. Marine Corps; and - Corporal R.A.B., U.S. Marine Corps.[33]

Specification 3, of which Appellant was also convicted, is drafted in the same manner as specification 1 except the date and the names of the victims are different.

The specifications provided notice of each element of the offense of violating a lawful general order. The act which violated the PAC Order is the act of sexually harassing the named victims on the date and in the location that are within each specification. While the term "sexually harassing" may arguably be vague without sufficient context, the prohibited conduct as described in Section C of Paragraph 010502 of the PAC Order is pointed and sufficiently clear. There is no requirement that the specifications detail each comment or action Appellant did that violated the PAC Order.[34] This Court finds that each of the specifications for which Appellant was convicted properly stated an offense.

## III. CONCLUSION

After careful consideration of the record and the briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred.

The findings and sentence are **AFFIRMED.**[35]



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[33] Charge Sheet.

[34] *See United States v. Rogers*, 54 M.J. 244 (C.A.A.F. 2000). Appellant could have requested a bill of particulars if he was unaware of which specific conduct formed the basis for the specifications. *See* R.C.M. 906(b)(6).

[35] Articles 59 and 66, UCMJ.