# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant KYLE J. BAKER**
**United States Army, Appellant**

ARMY 20170438

Headquarters, U.S. Army Special Operations Command
Jeffery R. Nance, Military Judge
Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Tiffany D. Pond, JA; Captain Heather M. Martin, JA (on brief).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Jeremy S. Watford, JA; Captain Natanyah Ganz, JA (on brief).

10 April 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

In this opinion, we discuss appellant's claim that his conviction for sexual assault should be dismissed because the specification failed to state an offense. More specifically, appellant asserts the specification "violates the accused's right to notice because it fails to allege [a] mens rea and therefore fails to state an offense." As outlined below, and for the reasons annotated by our sister court in *Hohenstein*, we disagree.[1]

---

[1] *See United States v. Hohenstein*, ACM 37965, 2014 CCA LEXIS 179, at \*18-21 (A.F. Ct. Crim. App. 20 Mar. 2014), *aff'd in part, rev'd in part on other grounds*, 73 M.J. 473 (C.A.A.F. 2014).

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ].[2] The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for five months.

We review this case under Article 66, UCMJ. Appellant raises two assignments of error: one merits discussion, but not relief.[3]

## BACKGROUND

Appellant was charged with numerous offenses. For purposes of appellant's assignment of error, the relevant specification of sexual assault stated:

> In that [appellant], U.S. Army, did, at or near Tucson, Arizona, on or about 27 February 2016, commit a sexual act upon Staff Sergeant [JRD], to wit: penetrating the vulva of Staff Sergeant [JRD] with his tongue, by causing bodily harm to her, to wit: penetrating the vulva of Staff Sergeant [JRD] with his tongue without her consent.

At trial, defense counsel moved to dismiss for failure to state an offense, as the government did not include a specific intent within the specification.[4] Among other things, trial defense counsel asserted "[the] reality is that intent element is what separates these from assaults," "[i]t's really just a straight notice issue," and "there are scenarios for anything other than a penis that requires a specific intent element, which is the mens rea, which again hasn't been alleged." In response to the defense motion, the government argued the specification provided the necessary intent "by reasonable implication."

---

[2] Appellant was acquitted of one specification of sexual assault, three specifications of abusive sexual contact, and one specification of assault consummated by battery.

[3] We have considered appellant's other assignment of error that the evidence is factually insufficient, as well as the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find they merit neither discussion nor relief.

[4] This motion also covered numerous specifications for which appellant was subsequently acquitted. We limit our analysis to the lone specification of which appellant was convicted.

Following argument by both parties (and after conducting further research on the issue), the military judge denied the defense motion. Within his ruling, the military judge concluded, "The bottom line is because of the element of [sexual act], and the way [that term is] defined, the accused is on notice of what he has to defend against." The military judge further explained that the term "sexual act . . . includes the specific intent to either abuse, humiliate, degrade, or gratify the sexual desires of any person," "[t]he accused . . . has been on notice of what he had to defend against," and "the specific intent is pled by reasonable and fair implication."[5]

## LAW AND DISCUSSION

Whether a specification states an offense is a question of law we review de novo. *United States v. Sutton*, 68 M.J. 455, 457 (C.A.A.F. 2010).[6] "A specification is sufficient if it alleges every element of the charged offense expressly or by implication." Rule for Courts-Martial 307(c)(3). Put most simply, "the military is a notice pleading jurisdiction." *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citation omitted).

Our superior court has explained that a "charge and specification will be found sufficient if they, 'first, contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Fosler*, 70 M.J. at 229 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (alterations in original). A specification is likewise sufficient so long as the elements "may be found by reasonable construction of other language in the challenged specification." *United States v. Russell*, 47 M.J. 412, 413 (C.A.A.F. 1998) (citations omitted).

In *Hohenstein*, the Air Force Court of Criminal Appeals rejected a similar claim related to two Article 120 offenses and concluded that "the phrases 'sexual act' and 'sexual contact' . . . are sufficiently definite in legal meaning to have put the appellant on notice of the charges against him." 2014 CCA LEXIS 179 at *19 (citation omitted). We agree.

---

[5] We note this case does not involve penile penetration. When penetration of a vulva occurs with any part of the body *other* than a penis, an "intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person" is required by Article 120(g)(1)(B), UCMJ.

[6] In this context, "[s]pecifications which are challenged immediately at trial will be viewed in a more critical light than those which are challenged for the first time on appeal." *United States v. French*, 31 M.J. 57, 59 (C.M.A. 1990).

Based on the charged body parts, as the military judge and the *Hohenstein* court noted, "appellant knew he had to defend against having [ ] penetrated the genital opening of the victim with the intent to abuse, humiliate, harass, or degrade the victim or to arouse or gratify the sexual desire of any person." *Id*. at *20 (citations omitted). As such, we find the challenged specification "adequately notified the appellant of the charged offense[] without specifically alleging specific intent." *Id*.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4