# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class CASEY J. HAUGEN**
**United States Army, Appellant**

ARMY 20180375

Headquarters, Fort Stewart
David H. Robertson and Edye L. Moran, Military Judges
Colonel Michael D. Mierau, Jr.,Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Lieutenant Colonel Todd W. Simpson, JA; Major William M. Grady, JA (on brief).

For Appellee: Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA (on brief).

25 October 2019

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

Appellant claims that his convictions for sexually abusing a child should be set aside because the specifications fail to state an offense. More specifically, appellant asserts the specifications are "vague," "fail[] to state an offense," and "do not afford appellant sufficient protection from double jeopardy." As outlined below, we disagree.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of sexual abuse of a child, and one specification of assault consummated by a battery upon a child, in violation of Articles 120b and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920b and 928 [UCMJ]. The military judge acquitted appellant of one specification of destroying non-military property, six specifications of sexual abuse of a child, one specification

of indecent viewing, and one specification of assault consummated by a battery upon a child, in violation of Articles 109, 120b, 120c, and 128, UCMJ. The military judge sentenced appellant to a dishonorable discharge and confinement for three years. The convening authority approved appellant's sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts three assignments of error, one of which merits discussion but no relief.[1]

## BACKGROUND

Appellant first met DS in November of 2014 when DS was twelve years old. DS's step-father, PK, was an active duty soldier and assigned to work for appellant at the time. DS was struggling with academic and behavioral issues, and DS's family was struggling with health and substance abuse issues. As a result, appellant volunteered to spend time with and look after DS to reduce the strain on the family.

Appellant's relationship with DS quickly grew to the point where DS was spending as much time at appellant's house as he was at his own house. DS slept at appellant's house almost every weekend, and close to half of the school nights as well. In the summer of 2016, DS stopped spending time with appellant, claiming he grew uncomfortable with how intimate the relationship had become. Appellant became upset when DS stopped spending time with appellant. Soon thereafter, appellant caused a drunken scene at DS's house, telling DS "I love you," which led to criminal reporting and investigation of appellant's relationship with DS.

Among other things, DS alleged that appellant: (1) forced him to sleep in bed with appellant while DS was wearing only boxers, (2) forced him to wrestle with appellant while DS was half-dressed before showering; (3) slept with his head on DS's abdomen; (4) touched DS's penis by placing his hand under DS's boxers while they were sleeping in bed together; (5) communicated indecent language to DS about sexual acts and DS's genitalia; and (6) urinated on DS while the two showered together.

Based on DS's allegations, the government charged appellant with nine specifications of sexually abusing DS. Appellant was convicted of three of the specifications, which were charged as follows:

---

[1] We have considered appellant's other assignments of error, as well as the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

> In that [appellant], U.S. Army, did, at or near Savannah[,] Georgia, on divers occasions, between on or about 23 November 2014 and on or about 22 September 2016, commit a lewd act upon [DS], a child who had not attained the age of 16, to wit: touch the buttocks and genitalia of [DS].[2]

> In that [appellant], U.S. Army, did, at or near Savannah[,] Georgia, between on or about 23 November 2014 and on or about 22 September 2016, commit a lewd act upon [DS], a child who had not attained the age of 16, to wit: urinate on [DS].

> In that [appellant], U.S. Army, did, at or near Savannah, Georgia, on divers occasions, between on or about 23 November 2014 and on or about 22 September 2016, commit a lewd act upon [DS], a child who had not attained the age of 16 years, to wit: force [DS] to sleep with the accused in the same bed and only in his underwear while the accused laid his head on [DS]'s abdomen.[3]

Two weeks prior to trial, the government sua sponte provided appellant with a bill of particulars. The bill of particulars noted that the specifications alleged only the phrase "lewd act" and did not otherwise specify which of the four definitions of lewd act the government intended to prove. The government noted in the bill of particulars that for each of the three specifications listed above, it intended to argue and prove, in the alternative, that the lewd act was either a sexual contact or indecent conduct.

After opening statements but before the government admitted evidence, appellant moved to dismiss the three specifications above for failing to state an offense. The military judge denied appellant's motion, finding that the statutory definition of lewd act "fairly informs the accused of the charges against[] which he must defend" and provides "protection against double jeopardy."

---

[2] The military judge excepted the language "buttocks and" when she convicted appellant of this specification.

[3] The military judge excepted the word "force" and substituted therefor the word "induce."

3

On appeal, appellant again challenges the three specifications for failing to state an offense. Like the military judge below, we too are convinced the specifications validly state offenses and placed appellant on proper notice.

## LAW AND DISCUSSION

Whether a specification states an offense is a question of law we review de novo. *United States v. Gleason*, 78 M.J. 473, 475 (C.A.A.F. 2019). Specifications that are challenged at trial are viewed with greater scrutiny than those challenged for the first time on appeal. *United States v. French*, 31 M.J. 57, 59 (C.M.A. 1990).

"The military is a notice pleading jurisdiction." *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citation omitted). "A specification is sufficient if it alleges every element of the charged offense expressly or by implication." Rule for Courts-Martial 307(c)(3). A specification is likewise sufficient so long as the elements "may be found by reasonable construction of other language in the challenged specification." *United States v. Russell*, 47 M.J. 412, 413 (C.A.A.F. 1998) (citations omitted).

Our superior court has recognized two underlying principles in analyzing whether a specification states an offense. First, whether the specification "contain[s] the elements of the offense charged and fairly inform[s] a defendant of the charge against which he must defend." *Fosler*, 70 M.J. at 229 (citations, quotation marks, and alterations omitted). Second, whether the specification "enable[s] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.*

Congress criminalized sexual abuse of a child by providing that "[a]ny person subject to this chapter who commits a lewd act upon a child is guilty of sexual abuse of a child and shall be punished as a court-martial may direct." UCMJ, art. 120b(c). In the text of the statute, Congress defined "lewd act" as:

> (A) any sexual contact with a child;
>
> (B) intentionally exposing one's genitalia, anus, buttocks, or female areola or nipple to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person;
>
> (C) intentionally communicating indecent language to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person; or

(D) any indecent conduct, intentionally done with or in the presence of a child, including via any communication technology, that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations.

UCMJ, art. 120b(h)(5).

In the text of the statute, there are four disjunctive definitions of lewd act. Appellant contends the government must specifically allege one of the four definitions in order for the specification to state an offense. Having considered the two basic principles of failure to state an offense jurisprudence (notice and double jeopardy), we disagree for two reasons.

First, appellant was on sufficient notice of the charges against which he needed to defend. Both this court and our sister court have analyzed similar issues in the past, and we see no reason to depart from the rationale previously employed. In *United States v. Hohenstein*, the Air Force Court of Criminal Appeals analyzed whether one specification of rape (digital penetration of the genital opening) and one specification of wrongful sexual contact (also digital penetration of the genital opening) properly stated offenses when neither specification alleged specific intent. 2014 CCA LEXIS 179, at *18-21 (A.F. Ct. Crim. App. 20 Mar. 2014), *aff'd in part, rev'd in part on other grounds*, 73 M.J. 473 (C.A.A.F. 2014). Relying on the statutory definitions of sexual act and sexual contact, the court found that "the phrases 'sexual act' and 'sexual contact' . . . are sufficiently definite in legal meaning to have put the appellant on notice of the charges against him." *Id.* at *19.[4]

Similar to *Hohenstein*, the specifications alleged in this case did not expressly include the statutory definition of lewd act. Nonetheless, the statutory definition of the lewd acts charged in this case worked to put appellant on sufficient notice, just as the statutory definitions of sexual act and sexual contact placed the appellant in

---

[4] *See also United States v. Baker*, 219 CCA LEXIS 165, at *4-5 (Army Ct. Crim. App. 10 Apr. 2019) (relying on *Hohenstein* to determine that the statutory definition of sexual act "adequately notified appellant of the charged offense"); *United States v. Winston*, 2014 CCA LEXIS 757, at *6-9 (A.F. Ct. Crim. App. 8 Oct. 2014) (finding the disjunctive definitions of abusive sexual contact were not elements required to be pled in the specification); *United States v. Robertson*, 2018 CCA LEXIS 92, at *4-6 (Army Ct. Crim. App. 26 Feb. 2018) (relying on *Winston* to conclude the statutory definition of sexual contact placed the appellant on sufficient notice of what he needed to defend against).

*Hohenstein* on notice. Beyond the statutory definition, the government's bill of particulars worked to narrow the applicable statutory definitions of lewd act and further notify appellant of the charges against which he needed to defend. Accordingly, we find the specifications placed appellant on sufficient notice.

Second, appellant can adequately plead his convictions as a bar to future prosecutions. Courts examine the "entire record of trial" to determine double jeopardy protection. *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994). Here, the military judge made specific findings regarding the lewd act definition of which appellant was convicted. The military judge's specific findings, coupled with the charge sheet, bill of particulars, and testimony of DS combine to provide appellant sufficient protection against future prosecutions. As such, we are convinced appellant is adequately protected from double jeopardy in this case.

## CONCLUSION

Having found that appellant was afforded both sufficient notice and protection against future prosecutions, we find the specifications state offenses. Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge BROOKHART and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court